**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Victor Uriel SORIANO–TORRES,**
**Defendant–Appellant.**

**No. 10–50411**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Richard Dennis Esper, Esq., El Paso, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM: *

Victor Uriel Soriano–Torres pleaded guilty to illegal reentry after removal in violation of 8 U.S.C. § 1326 and was sentenced to 60 months of imprisonment and three years of supervised release. Soriano–Torres argues that the guidelines sentence imposed by the district court was unreasonable because his sentencing guidelines range was determined by "dou-ble counting" his prior conviction which was used to calculate his offense level and his criminal history, resulting in an improper application of 18 U.S.C. § 3553(a). Soriano–Torres did not object or argue in the district court that U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2 resulted in impermissible "double counting" or that his sentence was unreasonable. Therefore, these arguments are reviewable only for plain error. *See Puckett v. United States,* —— U.S. ——, 129 S.Ct. 1423, 1428–29, 173 L.Ed.2d 266 (2009); *United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir.2007).

We have previously rejected the argument that because U.S.S.G. § 2L1.2 allows consideration of prior convictions to determine offense level and criminal history, it results in unjust double counting rendering the sentence unreasonable. *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009); *see also* U.S.S.G. § 2L1.2, comment. (n. 6). Soriano–Torres makes no other argument as to why his sentence is unreasonable. He has shown no error, plain or otherwise. Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.